# Exhibit A

**29D04-2105-PL-003754**

Hamilton Superior Court 4

Filed: 5/28/2021 12:04 PM
Clerk
Hamilton County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |
| | ) | |
| MOLLER ENTERPRISES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, | ) | |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

## SUMMONS

To Defendant:    **JP Morgan Chase Bank, National Association**
**c/o C T Corporation, registered agent**
**334 North Senate Avenue**
**Indianapolis, IN 46204**

You have been sued by the person named as plaintiff and in the Court indicated above. The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated 6/1/2021

_Kathy Kreag Williams_ (Seal)

Clerk, Hamilton Superior Court

THE FOLLOWING MANNER OF SERVICE OF SUMMONS IS HEREBY
DESIGNATED:
___X___ Registered or **certified mail**.
_____ Service at place of employment, to-wit:
_____ Service on individual (Personal or copy) at above address.
_____ Service on agent. (Specify):
_____ Other service. (Specify): _____

PLAINTIFF'S COUNSEL:

Ian Goodman
James P. Strenski
Paganelli Law Group
10401 N. Meridian St., Suite 450
Indianapolis, IN  46290
317-550-1855

COURT ADDRESS:

Hamilton Superior Court
1 North 8th Street
Noblesville, IN 46060

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ___ day of _____, 20___:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____.

(2) By leaving a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of _____ and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:_____

_____

_____          _____
Sheriff's Costs                                         Sheriff

                              By: _____
                                   Deputy

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ___ day of _____, 20___, I mailed a copy of this summons and a copy of the complaint to the defendant, _____, by certified mail, requesting a return receipt, at the address furnished by the plaintiff.

                         _____
                         Clerk, Hamilton Superior Court

Dated:_____.          By: _____
                                     Deputy

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the ___ day of _____, 20___.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was returned not accepted on the day of _____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____on behalf of said defendant on the ___ _day of , 20___.

_____
Clerk, Hamilton Superior Court

By:   _____
Deputy

**29D04-2105-PL-003754**

Hamilton Superior Court 4

Filed: 5/28/2021 12:04 PM
Clerk
Hamilton County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |
| | ) | |
| MOLLER ENTERPRISES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, | ) | |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

## APPEARANCE OF IAN P. GOODMAN AND JAMES P. STRENSKI

Party Classification:     Initiating ☒     Responding ☐     Intervening ☐

1.     The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): Moller Enterprises LLC

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Name(s):     Ian Goodman                           Attorney No. 30645-45

Address:     Paganelli Law Group                   Phone: 317.550.1855
             10401 N. Meridian St.,
             Suite 450                             Fax:    317.569.6016
             Indianapolis, IN 46290                E-Mail: ian@paganelligroup.com

Name(s):     James P. Strenski                     Attorney No. 18186-53

Address:     Paganelli Law Group                   Phone: 317.550.1855
             10401 N Meridian St.,
             Suite 450                             Fax:    317.569.6016
             Indianapolis, IN 46290                E-Mail: jstrenski@paganelligroup.com

3.     There are other party members: No.

4.     *If first initiating party filing this case*, the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): N/A.

5.     I will accept service by FAX at the above-noted number: No

6.      This case involves support issues:  No

7.      There are related cases:  No

8.      This form has been served on all other parties:  Yes.

9.      Additional information required by local rule:   N/A

Respectfully submitted,

*/s/ Ian Goodman*

Ian Goodman, Atty. No. 30645-45
James P. Strenski, Atty. No. 18186-53
Attorney Information Shown Above

## CERTIFICATE OF SERVICE

I certify that on May 28, 2021, a copy of the foregoing document was served on Defendant by US mail to:

JP Morgan Chase Bank, National Association
c/o C T Corporation, registered agent
334 North Senate Avenue
Indianapolis, IN 46204

*/s/ Ian Goodman*

Ian Goodman

**29D04-2105-PL-003754**

Hamilton Superior Court 4

Filed: 5/28/2021 12:04 PM
Clerk
Hamilton County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO. |
| | ) | |
| MOLLER ENTERPRISES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, | ) | |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Moller Enterprises LLC, for its Complaint for Damages against Defendant JPMorgan Chase Bank, National Association, states as follows:

### Parties, Jurisdiction and Venue

1.     Plaintiff Moller Enterprises LLC ("Moller Enterprises") is an Indiana limited liability company.

2.     Defendant JP Morgan Chase Bank, National Association ("Chase") is an Ohio financial institution.

3.     The Court has personal jurisdiction over Chase.

4.     The Court has jurisdiction over the subject matter of this lawsuit.

5.     Venue is proper in Hamilton County, Indiana under Ind. Trial Rule 75(A).

### Facts Relevant To Legal Claims

6.     Moller Enterprises is in the business of distributing medical supplies.

7.     Mark Smith is a principal of Moller Enterprises.

8.      Since February 2019, Moller Enterprises has been a business banking client of Chase, where it has had a Chase Total Business Checking account. During the entirety of that period, the title on the Chase Total Business Checking Account has been "Moller Enterprises LLC" and it has had an account number ending in 2115 (the "Moller Chase Account").

9.      In June 2020, a company called Anatomy Supply Partners ("ASP") ordered $100,000 worth of medical supplies from Moller Enterprises.

10.     Moller Enterprises delivered to ASP the medical supplies it had ordered.

11.     ASP intended to pay Moller Enterprises the balance owed by consummating a $100,000 wire transfer to the Moller Chase Account.

12.     For purposes of the wire transfer, Moller Enterprises provided to ASP the account title and account number of the Moller Chase Account.

13.     But, on June 16, 2020, an individual impersonating a principal of Moller Enterprises (the "Impersonator") sent an email to ASP and purported to provide revised payment instructions for the $100,000 wire transfer to Moller Enterprises. The Impersonator advised ASP Global to direct the wire transfer to a Chase account number ending in 0155, which, the Impersonator wrote, had an account title of "Moller Enterprises LLC" (the "Fraudulent Chase Account").

14.     Relying on the Impersonator's instruction, on June 16, 2020, ASP directed its bank, Wells Fargo, to initiate a $100,000 wire transfer to the Fraudulent Chase Account.

2

15.     Accordingly, on June 16, 2020, Wells Fargo initiated a wire transfer, with $100,000 of funds debited from ASP's bank account for the benefit of the Fraudulent Chase Account, identified as follows:

Beneficiary

**Beneficiary**
MOLLER ENTERPRISES LLC
United States of America (US)
Acct # 613090155

**Beneficiary Bank**
JPMORGAN CHASE BANK, NA
1230 SW 2ND AVE
BEVERLY HILLS 33130
United States of America (US)
FEDWIRE# 267084131

(the "Payment Order")

16.     On June 16, 2020, Chase accepted the Payment Order, thus depositing ASP's $100,000 wire transfer into the Fraudulent Chase Account (the "Fraudulent Transfer").

17.     Upon learning of it, Moller Enterprises promptly notified Chase of the Fraudulent Transfer. ASP and/or Wells Fargo also promptly notified Chase of the Fraudulent Transfer and that Moller Enterprises, and the Moller Chase Account, had in fact been the intended beneficiary of the Fraudulent Transfer.

18.     In addition, Moller Enterprises filed a report with Zionsville, Indiana Police Department ("ZPD") regarding the Fraudulent Transfer.

19.     Chase produced documents and digital media to ZPD, which, with regard to the Fraudulent Chase Account, provided:

    a.  The Fraudulent Chase Account was a Chase Total Business Checking account.

3

b.  The Fraudulent Chase Account was opened on May 11, 2020 at the Chase South Semoran branch in Orlando, FL.

c.  The account title of the Fraudulent Chase Account was "Delgado Realty of Orlando, FL" – not Moller Enterprises LLC.

d.  On June 16, 2020, the Fraudulent Transfer had been deposited in the Fraudulent Chase Account.

20.     ASP also filed a police report regarding the Fraudulent Transfer, with the Atlanta, Georgia Police Department ("APD").

21.     In the nearly one-year since, ASP, Wells Fargo, ZPD, APD and Moller Enterprises have each separately endeavored to see that Chase undo the harm caused to Moller Enterprises by Chase's acceptance of the Fraudulent Transfer and deposit of it in the Fraudulent Chase Account. Chase has steadfastly, wrongly and without sensical explanation refused.

a.  In August 2020, with regard to the Fraudulent Transfer, Chase suggested Moller Enterprises and ASP Global should themselves contact the holder of the Fraudulent Chase Account to ask them to return the funds from the Fraudulent Transfer.

b.  In recent correspondence to Moller Enterprises, which followed Chase being repeatedly informed, by the above-mentioned entities, of what had occurred, Chase wrote of Moller Enterprises' "complaint about wire transfers that were sent from the account belonging to…Moller Enterprises to one of [Chase's] customers", and, identifying Moller

Enterprises as the initiator of the Fraudulent Transfer, Chase wrote, "Voluntarily sending a wire transfer is not considered to be a fraudulent transfer."

22.     To date, because Chase accepted the Fraudulent Transfer and deposited it in the Fraudulent Chase Account, and has since refused to remedy its wrong, Moller Enterprises has not been fully compensated for the $100,000 worth of medical supplies it sold to ASP.

### Count I – Wrongful Acceptance of Payment Order

23.     Moller Enterprises incorporates the allegations of paragraph 1-23.

24.     Ind. Code § 26-1-4.1-207(b)(2) provides:

(b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:

…

(2) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.

25.     The Payment Order that Chase received identified the beneficiary both by name and account number.

26.     The name and account number on the Payment Order identified different persons. The stated account number was that of the Fraudulent Chase Account, while the stated account title – *i.e.*, Moller Enterprises LLC – was not.

5

27.     Chase had actual knowledge that the name and account number on the Payment Order identified different persons, or from all the facts and circumstances known to Chase at the time, it had reason to know that the name and account number on the Payment Order identified different persons. For example, but without limitation, Chase knew or from all the facts and circumstances known to it at the time should have known that Moller Enterprises LLC was not the account title of the Fraudulent Chase Account but, instead, was the account title of the Moller Chase Account.

28.     Despite this knowledge, Chase accepted the Fraudulent Transfer and deposited it into the Fraudulent Chase Account.

29.     Under I.C. 26-1-4.1-207(b)(2), under the circumstances described above, no person had rights as beneficiary to the Fraudulent Transfer and, therefore, Chase was not legally permitted to accept it.

30.     Under I.C. 26-1-4.1-207, because Chase was not legally permitted to, but did, accept the Fraudulent Transfer, it bore the risk of loss of its wrongful acceptance.

31.     Under I.C. 26-1-4.1-207, because Chase bore the risk of loss of its wrongful acceptance of the Fraudulent Transfer, it was obligated to return the $100,000 underlying the Fraudulent Transfer to Wells Fargo.

32.     However, Chase has steadfastly, wrongly and without sensical explanation refused to return the $100,000 underlying the Fraudulent Transfer to Wells Fargo, instead seeking to impose an illusory burden on Wells Fargo, ASP and

Moller Enterprises to ask the holder of the Fraudulent Chase Account to return the $100,000.

33.     Chase's breach of the obligations imposed on it by I.C. 26-1-4.1-207 has deprived Moller Enterprises of payment it is entitled to, has caused it to incur attorney fees and has otherwise damaged Moller Enterprises.

<b>Count II – Breach of Contract</b>

34.     Moller Enterprises incorporates its allegations under the Facts Relevant to Legal Claims heading.

35.     Upon information and belief, Chase and Moller Enterprises are parties to a contract regarding wire transfers (the "Contract").

36.     Chase, not Moller Enterprises, has custody of the Contract. Before filing this lawsuit, Moller Enterprises repeatedly requested that Chase provide it a copy of the Contract. Chase refused.

37.     Upon information and belief, under the Contract, with regard to payment orders it receives intended for the benefit of Moller Enterprises, Chase is obligated to confirm the account holder and account number stated in the payment order identify the Moller Chase Account.

38.     Upon information and belief, under the Contract, if Chase receives a payment order intended for the benefit of Moller Enterprises, and Chase knows or has reason to know that the account holder and account number stated in the payment order do not identify the Moller Chase Account, Chase cannot accept the payment order.

7

39.    Chase knew or had reason to know that the name and account number on the Payment Order identified different persons, but it accepted the Payment Order anyway.

40.    Alternatively, Chase did not confirm whether the Payment Order identified different people.

41.    Therefore, Chase breached the Contract.

42.    Chase's breach of the Contract has damaged Moller Enterprises.

### Count III – Breach of Fiduciary Duty

43.    Moller Enterprises incorporates its allegations under the Facts Relevant to Legal Claims heading.

44.    Chase and Moller Enterprises have a special relationship of trust and confidence because:

 a.  Moller Enterprises is a Chase business banking client;

 b.  Chase represented to Moller Enterprises, that as a business banking client, it assuredly send and receive fund transfers via Chase;

 c.  Chase represented to Moller Enterprises that Moller Enterprises could assuredly receive payment orders of significant sums of money because, when such an order intended for the benefit of Moller Enterprises was received, Chase would confirm that the account title and account number on the payment order identified the Moller Chase Account;

 d.  accordingly, Moller Enterprises placed its confidence in Chase to receive payment orders intended for the benefit of Moller Enterprises; and

8

e. relative to Moller Enterprises, Chase was in a superior position because Chase was singularly in the position of ensuring payment orders received for the benefit of Moller Enterprises were confirmed to be deposited in the Moller Chase Account.

45. As a fiduciary, when it received a payment order intended for the benefit of Moller Enterprises, Chase owed Moller Enterprises a duty to confirm that the account title and account number on the payment order identified the Moller Chase Account.

46. With regard to the Payment Order, Chase failed to confirm that the account title and account number identified the Moller Chase Account.

47. Therefore, Chase, as a fiduciary, breached its duty to Moller Enterprises.

48. Chase's breach of its fiduciary duty has damaged Moller Enterprises.

Wherefore, Plaintiff Moller Enterprises LLC prays for judgment on its Complaint for Damages in in its favor and against Defendant JPMorgan Chase Bank, National Association, for compensatory damages, for a trial by jury and for all other appropriate relief.

Respectfully submitted,

*/s/ Ian Goodman*
Ian Goodman, Atty. No. 30645-45
James Strenski, Atty. No. 18186-53

Paganelli Law Group
10401 N. Meridian Street, Suite 450
Indianapolis, IN 46290
Tel: 317.550.1855

9

Fax: 317.569.6016
E-Mail: ian@paganelligroup.com
          jstrenski@paganelligroup.com

*Attorneys for Plaintiff*